### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DAVID AND NANCI ELLIS ) | CIVIL ACTION NO. |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT** |
| vs. ) | |
| ) | |
| ONEMAIN FINANCIAL, INC. ) | **JURY TRIAL DEMAND** |
| ) | |
| Defendant. ) | |
| _____) | |

### NATURE OF ACTION

1. This is an action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the South Carolina Consumer Protection Code ("SCCPC"), S.C. Code. § 37-1-101 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiffs' action occurred in this district, Plaintiffs reside in this district, and Defendant transacts business in this district.

### PARTIES

4. Plaintiffs David and Nanci Ellis (collectively "Plaintiffs") are natural persons who at all relevant times resided in the State of South Carolina, County of Aiken, and City of Aiken.

1

5. Plaintiffs are "consumers" as defined by S.C. Code § 37-1-301(10).

6. Defendant OneMain Financial, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff.

7. Defendant is a "debt collector" as defined by S.C. Code § 37-1-301(28).

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes – namely a personal loan secured by a vehicle (the "Debt").

10. The Debt arises from a "consumer credit transaction" as defined by S.C. Code § 37-1-301(11).

11. Defendant at all relevant times was engaged, directly or indirectly, in the collection of a debt from Plaintiff.

12. Prior to December 28, 2012, Plaintiffs purchased a 1997 Jeep and obtained financing with Defendant.

13. At the time of purchase, Mr. Ellis orally communicated to Defendant's agent and/or employee that and any calls to his place of employment

were inconvenient, and further, Defendant did not have consent to call his place of employment.

14. In connection with the collection of the Debt, Defendant placed calls to Mr. Ellis' place of employment, including, but not limited to, the following dates:

- December 31, 2012;
- January 4, 2013;
- January 8, 2013; and
- January 11, 2013.

15. Defendant placed the above-described calls with actual knowledge that the calls were inconvenient for Mr. Ellis.

16. In response, Plaintiffs sent Defendant written correspondence dated January 5, 2013 that stated, in relevant part:

> This letter is to tell you do not contact me by phone anymore. I told y'all never to call my job and the woman I gave the number to wrote a note on my paperwork in front of me.
>
> Our line of communication is by mail.

(See January 5, 2013 Correspondence, attached as Exhibit A).

17. Defendant received Plaintiffs' January 5, 2013 correspondence on January 11, 2013 at 10:31 A.M. (See USPS Delivery Confirmation, attached as Exhibit B).

18. Defendant placed additional calls to Mrs. Ellis's cellular telephone number from January through at least May 2013, including, but not limited to, the following dates and times:

- January 21, 2013 at 3:08 P.M.;
- January 23, 2013 at 1:54 P.M.; and
- January 24, 2013 at 1:54 P.M.

19.     During the above-referenced calls, Defendant delivered a voicemail message using an artificial or pre-recorded voice.

20.     Upon information and good-faith belief, the telephone calls identified above were placed to Mrs. Ellis's cellular telephone using an automatic telephone dialing system.

21.     Defendant did not place any telephone calls to Plaintiffs for emergency purposes.

22.     Defendant did not have Plaintiffs' prior express consent to make any telephone calls to Plaintiffs' cellular telephone number.

23.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiffs identified above voluntarily.

24.     Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiffs identified above under its own free will.

25.     Upon information and good-faith belief, Defendant had knowledge that it was using an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

26.     Upon information and good-faith belief, Defendant intended to use an automatic telephone dialing system to make and/or place each of the telephone calls identified above.

27. Upon information and good-faith belief, Defendant maintains business records that show all calls Defendant placed to Plaintiffs' cellular telephone number.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

28. Plaintiffs repeat and re-allege each and every factual allegation above.

29. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly placing non-emergency calls to Mrs. Ellis' cellular telephone, without the prior express consent of Plaintiffs, using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Enjoining Defendant from placing any further telephone calls to Plaintiffs in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

c) Awarding Plaintiffs statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

d) Awarding Plaintiffs actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiffs treble damages, pursuant to 47 U.S.C. § 227(b)(3);

f) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action;

g) Awarding Plaintiffs pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF S.C. CODE § 37-5-108

30. Plaintiffs repeat and re-allege each and every factual allegation above.

31. Defendant violated S.C. Code § 37-5-108 by engaging in unconscionable conduct in collecting a debt arising from a consumer credit transaction; including, but not limited to:

a. communicating with Plaintiffs at an unusual time and place known or which should be known to be inconvenient to Plaintiff, in violation of S.C. Code § 37-5-108(5)(b)(i);

32. More than thirty (30) days prior to the filing of this complaint, Plaintiffs filed written notice of the facts and circumstances of Plaintiffs' claim of unconscionable conduct with the administrator of the South Carolina Department of Consumer Affairs, pursuant to S.C. Code § 37-5-108(6).

33. Plaintiffs received no response from Defendant.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

    a) Adjudging that Defendant violated S.C. Code § 37-5-108;

    b) Awarding Plaintiffs statutory damages, pursuant to S.C. Code § 37-5-108(2), in the amount of $1,000.00;

    c) Awarding Plaintiffs actual damages, pursuant to S.C. Code § 37-5-108(2);

    d) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action pursuant to S.C. Code § 37-5-108(6);

    e) Awarding Plaintiffs any pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: August 7, 2013.

        Respectfully submitted,

        <u>/s/ Holly E. Dowd</u>
        Holly E. Dowd (S.C. Bar No. 77897)
        Weisberg & Meyers, LLC
        822 Camborne Place
        Charlotte, NC 28210
        (888) 595-9111 ext. 260
        (866) 565-1327 (fax)
        hdowd@attorneysforconsumers.com

        ATTORNEYS FOR PLAINTIFFS

        *Please send correspondence to the address below*

8

       Holly E. Dowd
       ***Weisberg & Meyers, LLC***
       5025 N. Central Ave. #602
       Phoenix, AZ 85012

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| DAVID AND NANCI ELLIS | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | **VERIFICATION** |
| vs. | ) | |
| | ) | |
| ONEMAIN FINANCIAL, INC. | ) | |
| | ) | |
| Defendant. | ) | |

Personally appeared before the undersigned notary public, duly authorized to administer oaths in the State of South Carolina, David Ellis and Nanci Ellis, who, after being duly sworn, depose and state that the facts contained in the foregoing Complaint, as filed with the United States District of South Carolina, are true and correct based upon personal knowledge.

_____  Dated: 8/7/13
David Ellis

_____  Dated: 8·7·13
Nanci Ellis

SUBSCRIBED and SWORN TO before me this 7th day of August, 2013.

_____
Notary Public

My commission expires
March 17th, 2021

9

My commission expires
March 17th, 2021

---
Print, type, or stamp commissioned nature of Notary Public